

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-14-2003

# USA v. Baez

Precedential or Non-Precedential: Non-Precedential

Docket 02-2038

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"USA v. Baez" (2003). *2003 Decisions.* Paper 557.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/557

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 02-2038

UNITED STATES OF AMERICA

v.

CARLOS BAEZ,
                                   Appellant

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
D.C. Criminal No. 01-cr-00529-01
(Honorable Harvey Bartle, III)

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 22, 2003

Before:  SCIRICA, <u>Chief</u> <u>Judge</u>*, AMBRO and WEIS, <u>Circuit</u> <u>Judges</u>

(Filed May 14, 2003)

OPINION OF THE COURT

*Judge Scirica began his term as Chief Judge on May 4, 2003.

SCIRICA, <u>Chief</u> <u>Judge</u>.

Carlos Baez appeals his conviction and sentence after pleading guilty to conspiracy and distribution of more than 1,000 grams of PCP and 500 grams of cocaine within 1,000 feet of a school.[1]  His counsel filed an <u>Anders</u> brief[2] and a motion to withdraw.  Although granted three time extensions to file a pro se brief, Baez failed to file his own brief.

I.

Carlos Baez participated in the organized sale of cocaine and PCP on the 600 block of West Clearfield Street in Philadelphia.  Supervisors like Baez distributed cocaine and PCP to the sellers, and collected the proceeds from them.

In police surveillance from January to March 2000, Baez was observed supervising sellers and collecting money from them, and retrieving cocaine from the storage locations.  Baez himself made several sales to a cooperating witness, including 13 small

---

[1]The substantive offenses of conviction were:
– Count 7 – distribution of phencyclidine (PCP) within 1,000 feet of a school, in violation of 21 U.S.C. § 860(a);
– Counts 9, 15 and 17 – distribution of cocaine within 1,000 feet of a school, in violation of 21 U.S.C. § 860(a);
– Count 19 – possession with intent to distribute more than 500 grams of PP within 1,000 feet of a school, in violation of 21 U.S.C. § 860(a); and
– Count 21 – possession with intent to distribute cocaine within 1,000 feet of a school, in violation of 21 U.S.C. § 860(a).
The parties agreed that the offenses involved 3,896 grams of PCP and 2,350 grams of cocaine, and that the offenses took place within 1,000 feet of a public elementary school.  The defendant further agreed that he acted as a manager and was subject to the two-level increase stated in Section 3B1.1(c).  The government agreed that Rios was entitled to a two-level decrease for acceptance of responsibility, under § 3E1.1.

[2]<u>Anders v. California</u>, 386 U.S. 738 (1967).

jars of PCP sold on February 25, 1999, 2.565 grams of cocaine sold on February 29, 1999, 6.113 grams of cocaine sold on March 15, 2000, and 6.69 grams of cocaine sold on March 16, 2000.

On March 16, 2000, police arrested Baez and several co-conspirators on the 600 block of West Clearfield Street. They also executed search warrants for residences at 614 West Clearfield Street and 3108 North Sixth Street, from which Baez had been observed retrieving drugs. The police found significant quantities of PCP and cocaine. At the time of his arrest, Baez possessed keys to 614 West Clearfield Street.

II.

The government calculated, based on various seizures and witness accounts, that the conspiracy sold at least 38 grams of PCP and 35 grams of cocaine each day during the course of police surveillance, from January 12 through March 16, 2000. The pre-sentence report, after adding the quantities seized on March 16, 2000, determined that the total quantities for which Baez was responsible were 2,592 grams of PCP and 2,472 grams of cocaine. The report noted that the government fixed a higher quantity of PCP based on other seizures, but stated that the offense level would be unchanged even with the additional PCP included.

Factoring in a three-level increase due to Baez's managerial role and a three-level reduction for acceptance of responsibility, the pre-sentence report recommended an offense level of 36. With a criminal history category IV, based on several prior offenses,

the report fixed a sentence range of 262-327 months. Other than the heightened leadership role enhancement, Baez did not object to any of these calculations.

III.

At sentencing, the District Court adopted the lower guideline range recommended by the plea agreement, in which the parties stipulated to a two-level rather than three-level increase for leadership role. This lowered the guideline range to 235-293 months. Defense counsel advocated a sentence at the bottom of that range. The court agreed and imposed a sentence of 235 months imprisonment.

As noted, defense counsel filed an <u>Anders</u> brief. We have independently reviewed the record including the Rule 11 plea colloquy and the legality of the sentence imposed. We hold the plea was validly entered and the sentence was legal. We see no other possible errors.

For these reasons, we will affirm the judgment of conviction and sentence.

TO THE CLERK:

       Please file the foregoing opinion.

<u>/s/ Anthony J. Scirica</u>
Chief Judge